UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| JERMAINE M. HILL | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Nos. 4:03-cv-012 / 4:01-cr-062 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Jermaine Hill ("Hill"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

**I.  Standard of Review**

This Court must vacate and set aside Hill's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Hill "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, the Court is to determine after a review of the answer and

the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Hill is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II. Factual Background

Hill pleaded guilty to distribution of cocaine base (three counts), in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and attempt to possess with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). He was sentenced to a term of imprisonment of 235 months as an armed career criminal pursuant to 18 U.S.C. § 924(e). Hill did not appeal. He subsequently filed a motion for leave to file an appeal out of time, which was denied. In support of his § 2255 motion, Hill alleges the following: (1) violation of the privilege against self-incrimination; (2) coerced confession; (3) ineffective assistance of counsel at arraignment; and (4) ineffective assistance of counsel during sentencing. The United States Attorney contends the first and second grounds for relief were waived by the entry of the guilty plea and that Hill is not entitled to relief on his claims of ineffective assistance of counsel. In two amendments to the § 2255 motion, respectively, Hill alleges additional claims of ineffective assistance of counsel and that his sentence should be set aside in light of the recent U.S. Supreme Court decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005).

### III. Discussion

#### A. Waiver

By pleading guilty, Hill waived any right he had to claim that his conviction resulted from a violation of the privilege against self-incrimination or a coerced confession. *See United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982) (a plea of guilty is an admission of all material facts alleged in the charge and constitutes a waiver of all non-jurisdictional defects and defenses); *see also United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995) ("Any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily.").

In fact, in his plea agreement, Hill waived the right to file a motion pursuant to 28 U.S.C. § 2255 for any reason other than claims of ineffective assistance of counsel, prosecutorial misconduct, or changes in the law. [Criminal Action No. 4:021-cr-62, Court File No. 16, Plea Agreement, p. 4 (Under Seal)]. Such a waiver is enforceable. *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999) ("Accordingly, we hold that a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief."); *see also Davila v. United States*, 258 F.3d 448 (6th Cir. 2001) (defendant's waiver of § 2255 relief in a plea agreement barred a collateral attack based upon ineffective assistance of counsel). Accordingly, Hill has waived the ability to claim that his

3

Case 4:03-cv-00012   Document 8   Filed 07/25/05   Page 3 of 13   PageID #: 3

conviction resulted from a violation of the privilege against self-incrimination or a coerced confession, and he cannot do so now in a collateral proceeding.

In any event, the Court notes that Hill's allegations lack merit. The allegations refer to the fact that, at the time of his arrest on March 16, 2001, Hill waived his rights and was interviewed by an agent with the 17th Judicial District Drug and Violent Crime Task Force. He admitted that he had been selling approximately one ounce of crack cocaine per week since his release from prison in March 2000. In the presentence report, Hill was held accountable for this amount of cocaine in addition to the cocaine he distributed to confidential informants. According to Hill, he was promised leniency if he was truthful with the 17th Judicial District Drug and Violent Crime Task Force. Thus, Hill claims it was a violation of his right against self-incrimination and amounted to a coerced confession for these amounts of cocaine to be used at his sentencing.

What Hill overlooks, however, is the fact that defense counsel objected to Hill's being held accountable for the additional amounts of cocaine. Based upon that objection, and because Hill was facing an enhanced sentence as an armed career criminal, the Court did not hold him accountable for the additional cocaine amounts; Hill was sentenced based only upon the amounts of cocaine set forth in the counts to which he pled guilty. [Criminal Action No. 4:021-cr-62, Court File No. 28, Judgment Proceedings, pp. 2-9].

### B. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether an ineffective assistance of counsel claim is meritorious. The *Strickland* test first requires Hill to show that his attorney's representation was deficient, *i.e.*, fell below an objective standard of reasonableness. Hill must show his counsel made such serious errors that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687-88; *Gravely v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996); *Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995); *United States v. Medved*, 905 F.2d 935, 942 (6th Cir. 1990).

Second, Hill must also show that counsel's deficient performance prejudiced his case. *O'Hara v. Wigginton*, 24 F.3d 823, 838 (6th Cir. 1994); *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993). The issue is whether defense counsel's performance was so manifestly ineffective that defeat was snatched from the hands of probable victory. *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996); *Lewis*, 11 F.3d at 1352; *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). To satisfy the second element of the *Strickland* test, Hill has to establish a reasonable probability that, but for the errors of his attorney, the result of the criminal proceeding would have been different. *Strickland*, 466 U.S. at 694; *Mapes v. Coyle*, 171 F.3d 408, 425 (6th Cir. 1999); *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997); *McQueen v. Scroggy*, 99 F.3d 1302, 1310-1311 (6th Cir. 1996); *Gravely*, 87 F.3d at 785; *West*, 73 F.3d at 84.

Hill first alleges his attorney failed to file a motion to suppress his statement. Hill was arrested after a search of his residence pursuant to a state warrant. As noted earlier, Hill waived his rights and spoke with a federal agent. Thus, any motion to suppress would have been frivolous, and his attorney did not render ineffective assistance of counsel by failing to file a motion to suppress. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel). In any event, again as noted earlier, the Court did not increase Hill's sentence based upon his statements. Defense counsel successfully objected to such an increase.

Hill also alleges his attorney induced him to enter into a plea agreement. The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961).

In accepting petitioner's guilty pleas, this Court fully complied with the plea colloquy procedure as mandated by Rule 11 of the FEDERAL RULES OF CRIMINAL PROCEDURE. At the time, petitioner and the Court specifically engaged in the following exchange:

THE COURT: Okay. Mr. Hill, have you had a chance to discuss all of the facts in this case with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: And are you satisfied with your attorney's representation of you at this time?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Now, you have a number of rights under the constitution here that I want to explain them to you. Do you understand that you can plead not guilty to these charges?

THE DEFENDANT: Yes, sir.

THE COURT: And do you understand that you have a right to a jury trial to determine whether or not you're guilty?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that if you plead guilty, you're giving up your right to a jury trial?

THE DEFENDANT: Yes, sir.

THE COURT: Under the law, it's presumed that you're innocent. This presumption stays with you at all times in the case until one of two things happen. If you were to go to trial, the government would have to overcome this presumption of innocence by proving here in court by beyond a reasonable doubt that you are guilty before you can be convicted. Now, if you plead guilty here this afternoon, you're going to have to tell me that you're guilty, which means that you'll be giving up your presumption of innocence. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You also have the right to be represented by an attorney throughout these proceedings, and you do have an attorney, but do you understand, however, that if you plead guilty there is not going to be a trial in this case, and, obviously, you will not have an attorney representing you at a trial. Do you understand that?

THE DEFENDANT: Yes, sir.

7

>THE COURT: You also have the right to confront the witnesses against you, cross-examine those witnesses, ask them questions. Do you understand that you're giving up that right by pleading guilty?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: You have a right to remain silent, which means that you do not have to say anything to anybody, including me or any law enforcement agent about this case.
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: And if you were to go to trial, for example, you would not have to testify. And if you didn't testify, we would tell the jury that you had that right and they couldn't consider that in any way in deciding if you were guilty or not. Do you understand that you're giving up your right to remain silent by pleading guilty?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: You also have a right to have witnesses subpoenaed here to court to testify. Do you understand that you're giving up that right by pleading guilty?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Do you understand then, Mr. Hill, that if you plead guilty as far as you're concerned there will not be a trial of any kind in this case?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Has anyone threatened you or forced you in any way to plead guilty?
>
>THE DEFENDANT: No, sir.

[Criminal Action No. 4:01-cr-62, Court File No. 26, Rearraignment Proceedings, pp. 5-7].

After this exchange, Hill pled guilty to counts one, two, four, and five of the indictment, as each was read by the clerk. [*Id.* at 7-12]. Hill was then advised by the government that he was facing a minimum mandatory sentence of five years, with a

8

maximum penalty of 40 years. [*Id*. at 12]. After the government stated the factual basis for the plea, Hill stated that he was pleading guilty because he was, in fact, guilty. [*Id*. at 16].

It is well-settled that where a court scrupulously follows the requirements of FED. R. CRIM. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice"). Accordingly, Hill cannot now allege that his guilty plea was coerced by his attorney.

Hill next alleges that, at sentencing, his attorney failed to raise issues that could have substantially affected his sentence. Hill does not state, however, what issues his attorney should have raised. A § 2255 movant has the burden of proving the substance of his allegations and a district court is not required to hold an evidentiary hearing on the basis of conclusory allegations. *See, e.g., Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962).

Hill further alleges that his attorney failed to file a notice of appeal. Hill does not state any grounds for appeal. In addition, Hill does not claim that he specifically instructed his attorney to file a notice of appeal or that he even expressed a desire to appeal his sentence. Under these circumstances, Hill has failed to state a claim of ineffective assistance of counsel. *See Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir. 2003)

(failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

Based upon the foregoing, Hill has failed to satisfy either prong of the *Strickland* standard. Accordingly, Hill is not entitled to relief on his allegation of ineffective assistance of counsel.

In an amendment to the § 2255 motion, Hill alleges the following additional claims of ineffective assistance of counsel: (1) his attorney did not object to his enhancement as a career offender; and (2) his attorney did not object to the government's failure to file a notice of enhancement. Hill's original § 2255 motion was timely filed; the amendment was filed after the expiration of the statute of limitation.[1] The question, then, is whether the amendment is timely because it "relates back" to the original filing date.

In *Anthony v. Cambra*, 236 F.3d 568, 576-78 (9th Cir. 2000), the Ninth Circuit permitted an amended habeas corpus claim to "relate back" to the timely filing of the original petition, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, because the original

---

[1] As a result of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final. In the event a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *See Chandler v. United States*, 22 Fed.Appx 399, 400, 2001 WL 1176597 *1 (6th Cir. 2001) (citing *Johnson v. United States*, 246 F.3d 655, 657-58 (6th Cir. 2001)); *see also United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002) (footnote omitted) ("because defendant did not pursue a direct appeal from the judgment of conviction, he cannot rely on the 90-day period for seeking certiorari review of a judgment of the court of appeals to extend the date on which his conviction became final"). Hill's judgment of conviction became final on August 8, 2002. His original § 2255 motion was filed March 10, 2003; the amendment was filed November 20, 2003.

10

petition put the respondent on notice of the amended claim.[2] The Ninth Circuit distinguished the facts in *Anthony* from other cases in which "courts specifically relied on the *absence* of notice to the state regarding the content of the proposed amendments as grounds for denying the motions [to amend]." *Id*. at 577. In addition, the Ninth Circuit stressed petitioner Anthony "has not employed Rule 15(c) merely as a method of extending AEDPA's deadline." *Id*.

Other circuits have not allowed an amendment, filed after the expiration of the one-year statute, to relate back to the filing date of the original petition if the claims raised in the amendment are separate from the claims raised in the original petition; those circuits have thus found the claims presented in the amended pleadings to be time-barred. *See, e.g.*, *United States v. Espinoza-Saenz*, 235 F.3d 501 (10th Cir. 2001); *Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000); *United States v. Pittman*, 209 F.3d 314 (4th Cir. 2000); *United States v. Duffus*, 174 F.3d 333 (3rd Cir. 1999); *United States v. Craycraft*, 167 F.3d 451 (8th Cir. 1999).

This Court is not aware of any published decision by the Sixth Circuit on this issue. The Sixth Circuit noted, however, in an unpublished decision that an amended motion related back to the original motion and was timely because it "did not raise new claims, but merely streamlined [petitioner's] previous motion." *Anderson v. United States*, 39 Fed.Appx.

---

[2]The AEDPA established a one-year statute of limitation for both motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and habeas corpus petitions pursuant to 28 U.S.C. § 2254. For the most part §§ 2254 and 2255 are counterparts of each other and the law applicable to one generally applies to the other. *Davis v. United States*, 417 U.S. 333, 343-44 (1974); *Metheny v. Hamby*, 835 F.2d 672, 673-74 (6th Cir. 1987).

11

Case 4:03-cv-00012  Document 8  Filed 07/25/05  Page 11 of 13  PageID #: 11

132, 136, 2002 WL 857742 *3 (6th Cir. May 3, 2002). *See also Oleson v. United States*, 27 Fed.Appx. 566, 571, 2001 WL 1631828 *3 (6th Cir. December 14, 2001) ("Oleson's amendment does not escape the AEDPA statute of limitations by 'relating back' to previous claims -- Oleson's amendment raises an entirely new argument").

In this case, Hill's original § 2255 motion did not put the government on notice of his proposed amendments. In accordance with the reasoning of the Third, Fourth, Eighth, Tenth and Eleventh Circuits, this Court finds that Hill's amendment to his § 2255 motion are time-barred.

### C. **Blakely**

In a second amendment to his § 2255 motion, Hill alleges his sentence should be vacated pursuant to the recent U.S. Supreme Courts decisions of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). At this time there is no reason to apply *Blakely* retroactively to a § 2255 motion such as Hill's. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004).

> No court has yet determined whether *Blakely* created a new rule of constitutional law made retroactive to cases on collateral review. For a new rule to be retroactive to cases on collateral review for purposes of authorizing a second or successive § 2255 motion or 28 U.S.C. § 2254 petition, the Supreme Court itself must make the rule retroactive.

*Id*. at 1290 (citation omitted).

In addition, any claim Hill may have pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *United States v. Booker*, 125 S. Ct. 738 (2005),

12

Case 4:03-cv-00012   Document 8   Filed 07/25/05   Page 12 of 13   PageID #: 12

which applied the reasoning in *Blakely* to the federal sentencing guidelines. In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." 125 S. Ct. at 769. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id*. The Sixth Circuit has, in fact, held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Accordingly, *Blakely* and *Booker* do not afford Hill any relief.

**IV.** **Conclusion**

Hill is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

An order will enter.

                                          */s/ R. Allan Edgar*
                                            R. ALLAN EDGAR
                               CHIEF UNITED STATES DISTRICT JUDGE